# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

September 14, 2007

William McCool
Clerk, U.S. District Court
U.S. Courthouse
401 SE 1ST AVE
GAINESVILLE FL 32601-5806

**Appeal Number: 07-14035-I**
Case Style: In Re: Lorenzo Cole
District Court Number: 07-00190 CV-4-MMP

Enclosed is the court's order denying your motion for leave to proceed with this matter in forma pauperis. Unless you forward the $450 docket fee to this office, as required by 28 U.S.C. § 1913 and Fed.R.App.P. 21, within fourteen (14) days from this date, this petition will be dismissed pursuant to 11th Cir. R.42-1(b).

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: Debbie Fisher (404) 335-6188

c: District Court Judge (info. copy)
   Clerk of District Court

Encl.



PRO-6 (03-2004)

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 07-14035-I


FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEP 1 4 2007
THOMAS K. KAHN
CLERK

Dist. Ct. Dkt. Nos. 07-00690-CV-HES-MCR, 07-00190-CV-4-MMP

IN RE:

LORENZO COLE,

Petitioner.

On Petition for Writ of Mandamus to the
United States District Court for the
Middle District of Florida

**ORDER:**

Lorenzo Cole, a Florida prisoner proceeding pro se, moves to file a petition for writ of mandamus in forma pauperis ("IFP"). In April 2007, Cole filed a habeas corpus petition, 28 U.S.C. § 2254, in the Northern District of Florida, but in July 2007, his petition was transferred to the Middle District of Florida. Cole now requests that this Court direct the Middle District of Florida to "acknowledge" the receipt of his habeas petition and assign a district court judge. He argues that the Middle District of Florida has been neglectful by failing to process his petition.

Any court of the United States may authorize the commencement of a proceeding without prepayment of fees by a person who submits an affidavit that includes a statement of assets that the person possesses and that the person is unable to pay such fees. 28 U.S.C. § 1915(a). The court, however, may dismiss the case at any time if it determines that the allegation of poverty is untrue or

the action or appeal is frivolous. See id. § 1915(e)(2)(A) & (B). In this case, Cole has established poverty by way of an affidavit of indigency and a prison account statement. As discussed below, however, his mandamus petition is frivolous.

Mandamus is available "only in drastic situations, when no other adequate means are available to remedy a clear usurpation of power or abuse of discretion." Jackson v. Motel 6 Multipurpose, Inc., 130 F.3d 999, 1004 (11th Cir. 1997). The petitioner has the burden of showing that the claimed right to issuance of the writ is clear and indisputable. In re Lopez-Lukis, 113 F.3d 1187, 1188 (11th Cir. 1997). Mandamus may be used to direct a district court to decide a pending case where there has been an unreasonable delay in rendering a decision. Will v. Calvert Fire Ins. Co., 437 U.S. 655, 661-62, 98 S.Ct. 2552, 2557, 57 L.Ed.2d 504 (1978).

In this case, it has been one month since Cole's § 2254 petition was transferred to the Middle District of Florida. Thus, the district court has not unreasonably delayed in acknowledging the receipt of his petition and processing it. Furthermore, the record does not support Cole's contention that his case has not been processed or assigned to a district court judge. Because we find no unreasonable delay in the court's acknowledging the receipt of Cole's habeas petition, we conclude that the mandamus petition is frivolous. Accordingly, the motion to file the mandamus petition in forma pauperis is **DENIED**. See 28 U.S.C. § 1915(e)(2)(B)(i).

UNITED STATES CIRCUIT JUDGE

A True Copy - Attested
Clerk, U.S. Court of Appeals
Eleventh Circuit

Deputy Clerk
Atlanta, Georgia